**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**MARY HALL**                                                                         **PLAINTIFF**

**V.**                                                   **CASE NO. 2:13-CV-56-KS-MTP**

**WYETH LLC, et al.**                                                **DEFENDANTS**

---

**REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* upon Plaintiff Mary Hall's failure to comply with certain court orders. Based on the record and applicable law, the undersigned recommends that this case be dismissed.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The trial court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial courts' discretionary authority under Rule 41(b)).

**DISCUSSION**

By Order [73] dated May 29, 2013, the Court permitted Attorneys Jacob A. Flint and Jeffrey J. Lowe to withdraw as counsel of record for the Plaintiff. The Court also instructed the Plaintiff to obtain new counsel on or before July 29, 2013, or to file a written notice expressing

her intent to proceed *pro se* by that same date. The docket currently reflects that the Plaintiff has not responded to the Order and no attorney has entered an appearance on her behalf. Indeed, no activity has taken place in the case since the entry of the Court's prior Order [73]. In light of the Plaintiff's failure to comply with the order or otherwise pursue her claims, this case is ripe for dismissal under Rule 41(b).

## RECOMMENDATION

Based on the Plaintiff's failure to obtain new counsel or to notify the Court of her intent to proceed *pro se* as ordered, the undersigned recommends that this case be dismissed under Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of August, 2013.

/s/MICHAEL T. PARKER  
UNITED STATES MAGISTRATE JUDGE